IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MICHAEL D. VAN DEELEN**,

    Plaintiff,

vs.                                                                             No. CV-08-00290 JH/LAM

**TRUTH OR CONSEQUENCES BOARD
OF EDUCATION, JIM NESBITT, BRENDA DOIL
FRANK ALBETTA, JOSEPH DILIBERTO,
MATTHEW HOLT, KYLE CAREY,
CHEYENNE GRIJALVA, ELLEN WALTZ,
LOUIS SCHWAB, CATHY VICKERS,
PAUL TOOLEY, LYDIA BAMONTE,
BRUCE BERLIN, ROBERT GROSS, AND
10 JOHN/JANE DOES**,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT, SETTING ASIDE CLERK'S ENTRIES OF DEFAULT, AND DISMISSING COMPLAINT AGAINST CAREY, GRIJALVA AND Waltz

**THIS MATTER** comes before the Court on Plaintiff Michael D. Van Deelen's Motion for Entry of Default Against Defendant Carey, filed April 10, 2008 [Doc. 6]; on his Motion for Entry of Default against Defendant Grijalva, filed April 10, 2008 [Doc. 10]; on his Motion for Entry of Default against Defendant Waltz, filed April 18, 2008 [Doc. 15]; on Cheyenne Grijalva's Motion to Set Aside Clerk's Entry of Default, filed May 1, 2008 [Doc. 22]; on Ellen Waltz's Motion to Overturn Entry of Default, filed May 7, 2008 [Doc. 27] and her Modified Motion to Overturn Entry of Default, filed May 23, 2008 [Doc. 31]; on Van Deelen's Motion to Strike Waltz's Modified Motion to Set Aside Default, filed May 27, 2008 [Doc. 32]; and under the Court's inherent power to dismiss *sua sponte* frivolous or malicious lawsuits under FED. R. CIV. P. 12(b)(6), *see Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (stating that "[28 U.S.C.] Section 1915(d),

for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) ("Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving plaintiff notice and opportunity to amend his complaint, a court may dismiss *sua sponte* when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation marks omitted). The Court will deny Van Deelen's motions, will grant Grijalva's and Waltz's motions, will set aside the Clerk's entries of default, and will dismiss Van Deelen's complaint against Carey, Grijalva, and Waltz because it is patently obvious that he cannot prevail on the facts alleged against them and allowing Van Deelen an opportunity to amend his complaint would be futile.

## APPLICABLE STANDARDS

"[D]efault judgments are not favored by courts." *Katzson Bros., Inc. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir.1988). Under FED. R. CIV. P. 55(b)(1), if a plaintiff's claim is for a "sum certain" and the plaintiff otherwise complies with the rule, the Clerk of the Court must enter a judgment in favor of the plaintiff and against a "defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Under FED. R. CIV. P. 55(b)(2),

> [i]n all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;

      (B) determine the amount of damages;

      (C) establish the truth of any allegation by evidence; or

      (D) investigate any other matter.

Under FED. R. CIV. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." "[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997) (holding that a court should determine whether it has jurisdiction before entering default judgment). "A trial court is vested with broad discretion in deciding a default judgment question." *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987) (affirming the denial of a motion for default judgment because the plaintiff was not prejudiced by the defendant's delay in answering the complaint, the delay was not due to bad faith, and the case was one with fact issues that should be tried on the merits).

      Van Deelen seeks to recover $1.00 each from Defendants Kyle Carey, Cheyenne Grijalva, and Ellen Waltz, who are all private citizens, on his claims for conspiracy and denial of due-process rights, which he brings under 42 U.S.C. § 1983. *See* Complaint at ¶¶ 4, 59, 61, 68, 70. While a complaint does not require "detailed factual allegations," a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks and bracket omitted). A complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Id.* at 1974. In resolving whether dismissal is appropriate for failure to state a claim, the court must determine

whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (internal quotation marks omitted).

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [*Bell Atl. Corp. v. Twombly*, 127 S Ct.] at 1974. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." [*Bell Atl. Corp. v. Twombly*, 127 S.Ct.] at 1965 n. 3. *See Airborne Beepers & Video, Inc. v. AT & T Mobility L.L.C.*, 499 F.3d 663, 667 (7th Cir. 2007) ("[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."). The *Twombly* Court was particularly critical of complaints that "mentioned no specific time, place, or person involved in the alleged conspiracies." 127 S. Ct. at 1971 n. 10. Given such a complaint, "a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin." *Id.*

*Robbins*, 519 F.3d at 1248. Complaints in § 1983 actions

> must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated the [plaintiff's] constitutional rights, and that those rights were clearly established at the time. This requires enough allegations to give the defendants notice of the theory under which their claim is made.
>
> . . . .
>
> [C]omplaints in § 1983 cases against individual government actors pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants. The *Twombly* standard may have greater bite in such contexts, appropriately reflecting the special interest in resolving the affirmative defense of qualified immunity at the earliest possible stage of a litigation. Without allegations sufficient to make clear the "grounds" on which the

4

> plaintiff is entitled to relief, *Twombly*, 127 S. Ct. at 1965 n. 3, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established.

*Id.* at 1249 (internal quotation marks and citations omitted).

While a pro se litigant's pleadings and filings are usually given a liberal interpretation and the pro se litigant is sometimes accorded an opportunity to amend his complaint to correct factual deficiencies, *see Hall*, 935 F.2d at 1110, as Chief Judge Martha Vazquez has recently noted, "Van Deelen is not the 'run-of-the-mill' pro se litigant." *Van Deelen v. Alamorgordo Pub. Schs.*, No. 07cv171 MV/LCS, March 14, 2008 Order at 3-7 (Doc. 81) (detailing the numerous pro se complaints that Van Deelen has filed and litigated under § 1983 against school districts, governmental agencies, and individuals over the past 15 years and demonstrating that Van Deelen has received clear instructions from various courts regarding how to state a cognizable claim under § 1983 and that he has a thorough knowledge of the federal rules of civil procedure). Nevertheless, "[t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

> [T]he [pro se] plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Id.* (citations omitted).

## **RELEVANT FACTS**

Van Deelen taught briefly at the Middle School in Truth or Consequences, New Mexico

5

("TorC") in the fall of 2007; he was terminated in November 2007. *See* Complaint (Doc. 1) at ¶ 14. Grijalva and Carey were middle-school students in October-December 2007, when the incidents giving rise to this lawsuit against them occurred, and both of them are, therefore, presumably minors. *See id.* at ¶¶ 14, 29. Waltz, who now lives in Colorado, is the grandmother and guardian of another TorC middle-school student, Jason Grimmer. *See id.* at ¶¶ 14, 32. Van Deelen states that the TorC middle-school principal, Brenda Doil, became angry with him in early October 2007 because she learned that he had sued the Alamogordo Public Schools and its employees for allegedly violating his constitutional rights while he was employed there as a teacher and because he went to the police and reported that one of his middle-school students had made a bomb threat, causing the police to conduct an investigation at the school. *See id.* at ¶¶ 7, 12, 13. Van Deelen was terminated from his teaching position at the Middle School because, between October and November 2007, Grijalva accused him of calling her "a dirty little Mexican," Grimmer complained that Van Deelen grabbed him by the throat on the school playground, and Doil and Defendant Robert Gross (another middle-school employee), accused Van Deelen of verbally abusing and menacing Grimmer's grandparents, the Waltzes. *See id.* at ¶ 14.

Van Deelen requested and received a discharge hearing under N.M.S.A. § 22-10A-27. *See id.* at ¶ 16. Carey, Grijalva and Ellen Waltz were subpoenaed to testify at the hearing. Grijalva testified that Van Deelen called him a "dirty little Mexican." *Id.* at ¶ 31. Van Deelen contends that Grijalva conspired with Defendants Matthew Holt (the attorney representing the Board of Education at the hearing) and Doil to give false testimony at the hearing in retaliation for Van Deelen having filed suit against the Alamogordo Public Schools and for having reported the bomb threat to police. *See id.*

Waltz testified that Van Deelen "verbally abused and menaced [Waltz] and her husband

6

during a meeting held at the middle school to discuss Jason's conduct." *Id.* at ¶ 33. Van Deelen alleges that this, too was false testimony that was "maliciously provided in conspiracy with defendants Holt and Doil in retaliation for plaintiff's having filed suit against the Alamogordo Board of Education . . . [and] for . . . having reported the student bomb threat to the police." *Id.*

Van Deelen also subpoenaed Carey, who apparently had nothing to do with Van Deelen's discharge, to testify at the hearing. He contends that he had interviewed Carey before the hearing and that Carey told him that "Doil had a history of swearing at students, of telling students that she was 'pissed off' at them and of telling defendant Carey that he 'had no rights' while he was a student at . . . [the] Middle School." *Id.* at ¶ 29. When Carey testified at the discharge hearing that he had not made those statements to Van Deelen, Van Deelen stopped questioning him. *See id.* Van Deelen contends that "Holt and Doil tampered with Carey's testimony and entered into a conspiracy with him to provide false testimony at plaintiff's hearing in order to prevent plaintiff from receiving due process, in retaliation for plaintiff's having filed suit against the Alamogordo Board of Education . . . [and] for . . . having reported the student bomb threat to the police." *Id.* at ¶ 30.

Van Deelen's process server left a copy of the summons and complaint with Carey's mother and Grijalva's step-father. *See* Docs. 3, 4.

## ANALYSIS

### I. Entries of default against the minor Defendants must be set aside.

Van Deelen wrongfully requested that the Clerk enter default and enter an order of default judgment against Grijalva and Carey. *See* Docs. 5, 9. These two parties were minors and Rule 55(b)(1) expressly provides that the Clerk may not enter a default judgment against a minor. Although Van Deelen took great pains to read the Rule's use notes and filed affidavits stating that neither Grijalva nor Carey was an active member of the military and that the amount he was

7

requested from each defendant was for a sum certain, *see* Rule 55(b)(1), he conveniently withheld the critical information that both parties are minors. *See* Docs. 5-12. Fortunately, despite Van Deelen's request that the Clerk enter an order of default judgment, the Clerk filed only an entry of partial default against Grijalva and Carey under rule 55(a). *See* Doc. 13. The Court concludes that Van Deelen's failure to inform the Clerk or the Court that Carey and Grijalva are minors and his false statements that he is entitled as a matter of right to a default judgment against them, together with the fact that his complaint, on its face, does not state a plausible claim against them (as discussed below), supplies the good cause to set aside the entries of default. The Court notes that this is not the first time that Van Deelen has sought default judgment against a defendant without properly complying with the requirements of Rule 55. *See Van Deelen v. Ramirez*, No. 00-4067 SAC, 2001 WL 789275 at *8 (D.Kan. May 1, 2001).

Grijalva's attorney filed an answer on April 30, 2008 and moved to set aside the Clerk's entry of default on May 1. *See* Docs. 21, 22. Carey still has not filed an answer, nor has anyone appeared on his behalf. The Court should not grant a motion for default judgment against a minor unless the minor is "represented by a general guardian, conservator, or other like fiduciary who has appeared." No such guardian for either Defendant has appeared in this case. The Court will set aside the entries of default against these minors and will deny the motions for default judgment.

**II. Waltz has shown good cause to set aside the entry of default against her.**

The Clerk filed an entry of default against Waltz on April 21, 2008. *See* Doc. 19. That same day, Waltz filed her answer to Van Deelen's complaint. *See* Doc. 20. Waltz filed a motion to set aside the entry of default on May 7, 2008, *see* Doc. 27, and she filed a "modified motion" to set aside the entry of default on May 23, 2008. *See* Doc. 31. In both motions, Waltz stated that she was unable to file an answer within twenty days due to "financial circumstances." Docs. 27, 31. In the

"modified motion," which was apparently filed in response to Van Deelen's contentions that she had failed to explain why her financial circumstances provided good cause to prevent Waltz from timely responding to the complaint, *see* Doc. 24, Waltz explained that her computer had broken down and she had been financially unable to quickly have it repaired; that she had already been unfairly forced to respond to other frivolous lawsuits Van Deelen filed against her that were based only on her testimony at the discharge hearing, that she lived in Colorado, and that she could not afford to hire an attorney, *see* Doc. 31 at 1-2. In his motion to strike, Van Deelen urges the Court to strike Waltz's filing, contending that she should not be able to "continuously file multiple motions" in an attempt to obtain a favorable ruling. Doc. 32 at 1. He has also responded to the merits of her motion. *See id.*

The Court will construe Waltz's pro se filing of the modified motion as a reply to Van Deelen's response to her original motion, and will construe Van Deelen's motion to strike also as a permissive surreply. The Court will not strike Waltz's filing. The Court concludes that Waltz has shown sufficient good cause for her failure to file a timely answer and concludes that the entry of default should be set aside. Waltz's failure to timely file her answer was not made in bad faith, she has implied a meritorious defense, and Van Deelen is not unfairly prejudiced by setting aside the entry of default. As explained below, Waltz's contention that Van Deelen's lawsuit against her is frivolous is well-taken, and Van Deelen is not entitled to a default judgment against her.

**III. Van Deelen has not stated a plausible claim for relief against these witnesses.**

In *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983), the Supreme Court held that "§ 1983 does not allow recovery of damages against a private party for testimony in judicial proceedings." The Court based its ruling in part on the fact that testimony in a trial "is not performed under 'color of law.'" *Id.* at 329-30. But the Court also noted that "[t]he immunity of parties and witnesses from

9

subsequent damages liability for their testimony in judicial proceedings was well established in English common law," *id.* at 330-31, even if "the witness knew the statements were false and made them with malice," *id.* at 332.  The Court held that "§ 1983 did not abrogate the absolute immunity at common law."  *Id.* at 334.  The Tenth Circuit extended *Briscoe's* holding on absolute witness immunity to allegations of conspiracies to present false testimony in § 1983 cases.  *See Miller v. Glanz*, 948 F.2d 1562, 1570 (10th Cir. 1991); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (holding that plaintiff's § 1983 civil suit against witnesses, which alleged conspiracy and false testimony, was barred by *Briscoe* and *Miller*).

Van Deelen's claims against Carey, Grijalva, and Waltz all relate to their testimonies at the administrative discharge hearing, which technically is not a "judicial proceeding."  But absolute witness-immunity doctrines also apply to administrative adjudications that are not related to criminal convictions.  *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (noting that some participants in the judicial process-including judges, advocates, and witnesses-require absolute immunity to perform their functions without harassment or intimidation and that witnesses in administrative hearings are also "subject to the rigors of cross-examination and the penalty of perjury," so the absolute immunities also apply with equal force to adjudications within federal agencies); *Lentsch v. Marshall*, 741 F.2d 301, 304-05 (10th Cir. 1984) (applying witness immunity to city civil-service-commission discharge hearing in case alleging wrongful discharge by public employee under § 1983 because the plaintiff was allowed to cross-examine the witness and the witness testified under oath, therefore, the "hearing . . . possesses enough of the characteristics of the judicial process that witnesses in such hearings should be absolutely immune from suits for damages arising out of their testimony").

The Court takes judicial notice that Van Deelen's discharge hearing provided for

representation by an attorney or another person, for discovery by deposition and documents, for the issuance of subpoenas and testimony under oath, for opportunity for cross-examination and presentation of witnesses and documents, and for an official record of the hearing. *See* N.M.S.A. § 22-10A-27. The Court concludes that Van Deelen's administrative discharge hearing possessed the characteristics of a judicial proceeding such that the witnesses who testified at the hearing are absolutely immune from suits for damages arising out of their testimony. The Court concludes that Van Deelen has not stated a plausible claim for relief against these Defendants and that he should not be allowed to amend his complaint because amendment would be futile. Not only is he not entitled to a default judgment, but his claims against these Defendants must be dismissed.

**IT IS ORDERED** that Van Deelen's Motions for Entry of Default [Docs. 6, 10, 15] are DENIED; that Grijalva's Motion to Set Aside Clerk's Entry of Default [Doc. 22] is GRANTED; that Waltz's Motion and Modified Motion to Overturn Entry of Default [Docs. 27, 31] are GRANTED; and that Van Deelen's Motion to Strike [Doc. 32] is DENIED; and

**IT IS FURTHER ORDERED** that the Clerk's Entries of Default [Docs. 13 & 19] are set aside; and

**IT IS FURTHER ORDERED** that Van Deelen's claims against Defendants Kyle Carey, Cheyenne Grijalva, and Ellen Waltz are DISMISSED with prejudice.

_____
UNITED STATES DISTRICT JUDGE